## Clay, Insurance Commissioner v. Dixie Fire Insurance Company.

(Decided March 22, 1916.)

### Appeal from Franklin Circuit Court

1. Insurance—Foreign Insurance Company—Retaliatory Statute—When Enforcible.—To render section 637 of the Kentucky Statutes, imposing on foreign insurance companies the same license tax imposed by the laws of their domicile on Kentucky insurance companies doing business in the states of their domicile, applicable to a foreign insurance company doing business in this state, it is

not necessary that a Kentucky insurance company should be actually engaged in doing business in the state of such company's domicile, but the statute is applicable whenever there is a Kentucky insurance company in existence which the statute of such foreign state would apply, should it attempt to enter and do business in that state.

2.  Pleading—Taxes—Foreign Insurance Company—Retaliatory Statute—Action to Enjoin Taxes Under—Petition—Sufficiency.—In an action by a foreign insurance company to enjoin the collection of the same taxes imposed by the laws of its domicile on foreign insurance companies, a petition which alleges that there is no Kentucky insurance company doing business in the state of its domicile, but which fails to allege that there is no Kentucky insurance company organized and in existence to which the statute of such foreign state would apply, should it attempt to enter and do business in that state, is bad on demurrer.

JAMES GARNETT, Attorney General, and CHARLES H. MORRIS, Assistant Attorney General, for appellant.

LEWIS APPERSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Overruling petition for rehearing.

On appellee's petition for rehearing it is insisted that section 637 of the Kentucky Statutes does not apply unless there is a Kentucky insurance company actually doing business in the State of the domicile of the foreign insurance company sought to be taxed, and that the demurrer to the petition was properly overruled because the petition alleged that during the time it was sought to tax appellee no Kentucky insurance company was doing business in the State of North Carolina. In support of this position appellee relies on the case of State v. Insurance Company, 49 Ohio 440, 34 Am. St. Rep. 573, where a statute almost identical with ours is in force. In that case the court held the statute inapplicable, because it was averred that no Ohio companies had been organized to do the four lines of insurance which the New York company, which was sought to be taxed, was doing in the State of Ohio. In discussing the question the court said:

"To bring a case within the statute, there must at least, be an Ohio company formed to which the prohibitions of the New York statute would apply, should it attempt to enter and do business in that State."

It will be observed that the above decision did not go to the extent of holding the actual transaction of business by a local company in a foreign State was necessary in order to make the statute apply, but held the statute applicable, if, as a matter of fact, there was in existence a local company to which the foreign statute would apply, should it attempt to enter and do business in that State. In our opinion, this is the correct interpretation of the statute and the petition must be considered in the light of this ruling. This is not an action by the Insurance Commissioner to collect the tax, but an action by the insurance company to enjoin its collection. It admits the existence of the North Carolina and Kentucky Statutes and that it is doing business in the State of Kentucky. In such a suit the burden is on it to show that section 637 does not apply. While it does allege that there is no Kentucky insurance company doing business in the State of North Carolina, it does not allege that there is no Kentucky insurance company in existence to which the North Carolina statute would apply, should it attempt to enter and do business in that State. We, therefore, adhere to our former ruling that the petition is insufficient and that the demurrer should have been overruled.

Wherefore, the petition for rehearing is overruled.